# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                              No. CR 06-86 JB

ANTONIO DOMINGUEZ-MAQUEDA,
MIGUEL REYES-JERONIMO,
ENRIQUE DOMINGUEZ-MARTIN,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) Defendant Miguel Reyes-Jeronimo's Motion for Hearing to Set Deadline for Department of Justice to Seek the Death Penalty in the Above Entitled Cause, filed February 16, 2006 (Doc. 37); (ii) Defendant Enrique Dominguez-Martin's Motion for Hearing to Set Deadline for Department of Justice to Seek the Death Penalty in the Above Entitled Cause, filed February 21, 2006 (Doc. 39); and (iii) the United States' Motion to Continue Trial, filed February 27, 2006 (Doc. 42). The Court held a hearing on these motions on March 6, 2006. The primary issue is how the Court should address the fact that the United States has not yet decided whether to seek the death penalty even though the case is set for trial on the Court's March 6, 2006 trailing docket in Las Cruces, New Mexico. Because of the strong separation of powers between the judicial and the executive branches regarding the decision to charge a defendant, the Court is reluctant to set deadlines on the United States to do its job of deciding what to seek in this case and will therefore deny the Defendants' motions for a hearing to set a deadline for the United States to seek the death penalty. Further, the Court will grant the United States' motion to continue

the trial until the Court's next trailing docket based on the United States' representation that it will engage in good faith negotiations to enter into plea agreements with the Defendants and because granting the United States additional time to decide whether to seek the death penalty would serve the ends of justice and the interests of the parties and the public.

## PROCEDURAL BACKGROUND

Reyes-Jeronimo and Dominguez-Martin were arrested on July 15, 2005.  On January 18, 2006, a federal grand jury returned an eight-count Indictment against Defendants Antonio Dominguez-Maqueda, Reyes-Jeronimo, and Dominguez-Martin.  The grand jury charged Reyes-Jeronimo in Count I of violating 8 U.S.C. § 1324(a)(2)(B)(ii), 8 U.S.C. § 1324(a)(1)(B)(iv), and 8 U.S.C. § 1324(a)(1)(A)(v)(I), Conspiracy to Bring in Illegal Aliens Resulting in Death.  The Indictment also charged Reyes-Jeronimo and Dominguez-Martin in Count II of violating 8 U.S.C. § 1324(a)(1)(A)(ii), 8 U.S.C. § 1324(a)(1)(B)(iv), and 8 U.S.C. § 1324(a)(1)(A)(v)(I), Conspiracy to Transport Illegal Aliens Resulting in Death.  These charges carry a possible death sentence.  See 8 U.S.C. § 1324(a)(1)(B)(iv).

The United States Attorneys' Manual § 9-10.020 provides: "The death penalty shall not be sought without the prior written authorization of the Attorney General [of the United States].  The Deputy Attorney General may authorize the United States to seek the death penalty when the Attorney General is unavailable."  See also United States v. Bass, 536 U.S. 862, 863 at n.* (2002)(per curiam)(explaining the "death penalty protocol[] that require[s] the Attorney General to make the decision whether to seek the death penalty once a defendant ha[s] been charged with a capital-eligible offense").  The Attorney General makes the decision after viewing recommendations of a committee that he appoints and of the United States Attorney's Office for the district in which

the violation of the law occurred.  <u>See</u> United States Attorneys' Manual §§ 9-10.040, 9-10.050.

The United States Attorney's Office for the District of New Mexico represents that it has forwarded all appropriate documentation to the Attorney General and is awaiting his decision in this matter.  <u>See</u> Motion to Continue Trial at 1.  The United States Attorney's Office reports that, once the Attorney General makes his decision, it will be able to inform defense counsel of the Attorney General's decision and if plea offers will be extended.  <u>See</u> <u>id.</u>

The Honorable Robert Brack granted the Defendants' motion to declare this matter a complex case on August 2, 2005.  <u>See</u> (Doc. 26).  Accordingly, the Speedy Trial Act is tolled.  <u>See</u> <u>United States v. Sabino</u>, 274 F.3d 1053, 1064 (6th Cir. 2001)(affirming that a district court's order stopped the Speedy Trial Act's seventy-day period from running because it declared the case complex), <u>rehearing</u> <u>granted</u> <u>and</u> <u>amended</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> 307 F.3d 446 (6th Cir. 2002).  Mr. Randy Castellano, the trial attorney for the United States, further represents that he will be before the Court litigating a jury trial on March 6, 2006.  <u>See</u> <u>United States v. Melo-Valencia</u>, Cr. No. 04-2197 (D.N.M.).

As of the dates Reyes-Jeronimo and Dominguez-Martin filed their motions, they had not received any confirmation that the United States would or would not be seeking the death penalty. <u>See</u> Reyes-Jeronimo Motion for Hearing at 2; Dominguez-Martin Motion for Hearing at 1.  Reyes-Jeronimo and Dominguez-Martin move the Court to hold a hearing to set a deadline for the United States to seek the death penalty.  <u>See</u> Reyes-Jeronimo Motion for Hearing at 2; Dominguez-Martin Motion for Hearing at 2.  Reyes-Jeronimo and Dominguez-Martin request that the Court set a date certain for the United States to decide if it will seek the death penalty and to set that date within the time frame that the Speedy Trial Act contemplates.  <u>See</u> Reyes-Jeronimo Motion for Hearing at 2;

Dominguez-Martin Motion for Hearing at 2. As its solution to the problem, the United States moves the Court for an order continuing the trial currently set on the Court's March 6, 2006 trial docket. See Motion to Continue Trial at 1-2.

At the hearing on March 6, 2006, the Defendants agreed to stipulate to a continuance, if the United States would assume that the death penalty will not be sought in this case and would negotiate, in good faith, a plea agreement with the Defendants. See Transcript of Hearing at 52:16-53:23 (taken March 6, 2006).[1] The United States made that representation to the Court. See id. at 53:25-54:19. The United States gave a "conservative" estimate of forty days for a decision on the death penalty. See id. at 55:11-17.

## LAW REGARDING SPEEDY TRIAL ACT

The Speedy Trial Act requires "that an accused person's trial must begin within seventy days of his indictment or initial appearance, whichever is later." United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2005)(citing 18 U.S.C. § 3161(c)(1)). "The purpose of the Speedy Trial Act is to protect the defendant from excessive pre-trial delay and incarceration by the government and to protect the public's interest in the speedy resolution of justice." United States v. Larson, 417 F.3d 741, 746 (7th Cir. 2005). See also United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005)(instructing that the Speedy Trial Act "is intended to mandate an orderly and expeditious procedure for federal criminal prosecutions by fixing specific, mechanical time limits within which the various progressions in the prosecution must occur." (citations and internal quotations omitted)).

The Speedy Trial Act recognizes certain exceptions from the seventy-day requirement,

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

including "that the ends of justice served by taking such action [continuing the trial] outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  The Court must consider the factors enumerated in the Speedy Trial Act, United States v. Hill, 197 F.3d 436, 441 (10th Cir. 1999), which are:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) [18 USCS § 3161(b)] or because the facts upon which the grand jury must base its determination are unusual or complex.

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B).  "After considering these factors, the trial court must then set forth, 'in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.'"  United States v. Hill, 197 F.3d at 441 (quoting 18 U.S.C. § 3161(h)(8)(A)).

The United States Courts of Appeals for the Ninth and Eleventh Circuits have recognized that "the government's need for additional time to seek the death penalty was a valid reason for an 'ends of justice' continuance."  United States v. Murillo, 288 F.3d 1126, 1133 (9th Cir. 2002)(citation

omitted).  See also United States v. Mathis, 96 F.3d 1577, 1581 (11th Cir. 1996)(finding no violation of the Speedy Trial Act when the district court determined, in part, that "the prosecutor's wish for reasonable time to prepare a superseding indictment and to obtain approval to seek the death penalty" were good reasons to grant a continuance).  The Ninth Circuit found the district court's articulation of the following reasoning sufficient to grant a continuance:

> Specifically, the court finds that the ends of justice and indeed the best interests of all parties and the public are served by enabling the Department of Justice a reasonable time within which to exercise its discretion as to whether to seek the death penalty against Defendants in this case.  Depriving the Defendants of the opportunity to offer evidence and argue against a death penalty prosecution under the administrative procedures established by the Department of Justice, and denying the Department of Justice a reasonable opportunity to make a deliberate, fully informed decision about whether to seek the death penalty, would likely result in a miscarriage of justice. Moreover, the nature of the prosecution of this case, combined with the nature of the potential penalty, render this case so unusual that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established under 18 U.S.C. § 3161, generally, and that the continuance sought by the Government, and joined in by co-Defendants Moseley and Hironaga, is reasonable under the circumstances.

United States v. Murillo, 288 F.3d at 1134 (internal quotations omitted).

## ANALYSIS

The Court will deny the Defendants' motions to set a deadline because the separation of powers between the different branches of the federal government counsels against establishing a deadline -- at least at this time -- for the United States to decide whether to seek the death penalty. Also, the Court will grant the United States' motion to continue the trial because the ends of justice served by doing so outweigh the best interest of the public and of the Defendants in a speedy trial, and the parties have stipulated to a continuance based on the United States' representation that it will negotiate with the Defendants in good faith on a plea agreement.

-6-

I.      **THE COURT WILL DENY THE DEFENDANTS' MOTIONS.**

The Defendants request that the Court hold a hearing to set a deadline for the United States to seek the death penalty.  See Reyes-Jeronimo Motion for Hearing at 2; Dominguez-Martin Motion for Hearing at 2.  As a practical matter, it will be impossible or very difficult for Reyes-Jeronimo and Dominguez-Martin to plead or to go to trial until such time as the United States decides what potential penalty they are facing.  The continued delay likely hampers their ability to decide whether to take the risk of going to trial and face a possible death sentence, or to pursue an accommodation with the United States.

The easy solution might be to set a deadline and force the United States to make a decision. Indeed, the Court often sets deadlines for parties to make decisions on a variety of issues as a case proceeds to trial to ensure judicial efficiency.  But that might not be the best approach here, because the decision to seek the death penalty is more serious than the garden variety choices the United States must routinely make concerning witnesses, production of documents, and motions in limine. The Court views the choice to seek death as a strategic decision akin to selecting the appropriate crime with which to charge a defendant, which is within prosecutorial discretion under our system of separation of powers.  See United States v. Batchelder, 442 U.S. 114, 124-25 (1979)(indicating that prosecutorial discretion includes selecting offenses based on the penalty scheme they present); Schroder v. Bush, 263 F.3d 1169, 1175 (10th Cir. 2001)(finding a "textual commitment to the Executive Branch" whether or not to prosecute an individual for a particular offense); United States v. Robertson, 45 F.3d 1423, 1438  (10th Cir. 1995)(describing "prosecutorial decisions to bring charges in the first place" as "nearly absolute" and explaining that the "separation of powers counsel[s] hesitancy before second-guessing prosecutorial choices").  Both concern the ultimate ends

which the United States seeks at trial: in the former the United States wants execution or life imprisonment, and in the latter, the United States desires a conviction for a more serious crime over a lesser one or vice versa.  While the deadline that the Defendants seek is not identical to an order requiring the United States to charge by a set date, it is a deadline for the United States to make a prosecutorial decision entrusted to it on the Court's deadline.  The Court is reluctant to interfere in that decision.

There is a strong tradition of separation of powers between the executive and judicial branches.  See Schroder v. Bush, 263 F.3d at 1175.  The Court pauses, as it should, before interfering with the United States' procedure for  selecting the potential punishment in a capital case.  So long as no constitutional provision, statute, or precedent – and the Defendants have not pointed to any – compels the Court to rule in the Defendants' favor on their motions, the Court is hesitant to disrupt the executive branch's decision making process by setting an arbitrary deadline on this issue.  On the other hand, if the Defendants believe at some point that the United States' delay in coming to a decision interferes with any rights they possess under the Speedy Trial Act or the Sixth Amendment to the United States Constitution – such as a situation where the United States has decided to pursue a death sentence so close to trial that the Defendants cannot mount a defense in the time remaining before trial – the Court would entertain a motion to address the prejudice to the Defendants at that time.

## II.    **THE COURT WILL GRANT THE UNITED STATES' MOTION.**

At the hearing on March 6, 2006, the Defendants agreed to stipulate to a continuance, if the United States represented that it would negotiate, in good faith, a plea agreement with the Defendants and that it assumed the death penalty would not be sought.  See Transcript of Hearing at 52:16-

53:23.  The United States made that representation to the Court.  See id. at 53:25-54:19.  Based on the United States' representation and the Defendants' stipulation to a continuance, the Court will grant the motion to continue.

The ends of justice also support a continuance.  The United States affirmatively states that, in compliance with the provisions of 18 U.S.C. § 3161(h)(8)(A), the ends of justice will be served by granting this continuance.  See Motion to Continue Trial at 1-2.  Further, the United States represents that the necessity for complete and adequate preparation of the facts and circumstances relating to the trial outweigh the interest of the public and the Defendants in a speedy trial.  See id. at 2.

The Court has considered the four factors in 18 U.S.C. § 3161(h)(8)(B) and concludes that the ends of justice, along with the interests of the parties and the public, would be served in granting a continuance in this case.  The United States' motion to continue impacts only one of the four factors: the miscarriage of justice factor.  It is possible that denying a continuance could result in a miscarriage of justice.  A hurried decision-making process could lead to a flawed decision by the Attorney General on the death penalty in this case, ending either in the imposition of capital punishment for a crime not worthy of that penalty, or in the imposition of a lesser sentence for a crime so heinous that only the death penalty will suffice.

The ends of justice require that prosecutors make wise and well-informed decisions on whether to seek the death penalty to guarantee that this ultimate punishment is used only when most appropriate.  See United States v. Murillo, 288 F.3d at 1134.  The Defendants, for obvious reasons, have the utmost interest in making sure that the United States does not make a hasty decision whether they will seek to have them put to death.  See id.  Granting a continuance may make it less likely that the United States will seek the death penalty because the Defendants will have more time to

participate in the internal Department of Justice process whereby the Attorney General concludes whether to seek the death penalty.  See id.  The public has a similar interest in protecting against the unwarranted use of capital punishment in its name.  See id.  The gravity of this decision cautions against a process built for speed rather than for justice.

The Court acknowledges that the Speedy Trial Act expresses a policy that cases should be tried expeditiously or not at all, see United States v. Larson, 417 F.3d at 746; United States v. Woolfolk, 399 F.3d at 594, calling to mind that ancient wisdom that "justice delayed is justice denied."  Although there may be some tension between the policy favoring speedy trials and the need for careful deliberation before imposing the death penalty, these two legal strands have not yet collided in this case.  Only a little time – less than two months – has passed since the grand jury indicted the Defendants, and so giving the United States some more time to choose whether to pursue the death penalty is a reasonable solution that will not impact the Defendants' right to a speedy trial.

**IT IS ORDERED** that Defendant Reyes-Jeronimo's Motion for Hearing to Set Deadline for Department of Justice to Seek the Death Penalty in the Above Entitled Cause and Defendant Dominguez-Martin's Motion for Hearing to Set Deadline for Department of Justice to Seek the Death Penalty in the Above Entitled Cause are denied, and the United States' Motion to Continue Trial is granted.  The trial will be continued until the Court's next trailing docket.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
    United States Attorney for the
        District of New Mexico
Randy M. Castellano
    Assistant United States Attorney
Las Cruces, New Mexico

        *Attorneys for the Plaintiff*

Dennis J. Candelaria
    Assistant Federal Public Defender
Federal Public Defender's Officer
Las Cruces, New Mexico

        *Attorneys for Defendant Antonio Dominguez-Maqueda*

Howard L. Anderson
Las Cruces, New Mexico

        *Attorney for Defendant Miguel Reyes-Jeronimo*

Carmen E. Garza
Las Cruces, New Mexico

        *Attorney for Defendant Enrique Dominguez-Martin*

Peter J. Giovannini
Las Cruces, New Mexico

        *Attorney for Material Witnesses Pablo Martin-Dominguez, Alfredo San Pedro-Martin,
        Feliciano San Juan-Martin*